UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| PAUL G. CHIAROVANO, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:07-CR-31-TAV-CCS-1 |
| | ) | 3:16-CV-450-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is a joint motion from Petitioner and the United States requesting that the Court cancel its resentencing hearing set for April 13, 2017, and instead correct Petitioner's sentence to a term of "time served" followed by three years' supervised release [Doc. 34]. As support for the request, the parties note that Petitioner has already served nine years, eleven months, and twenty-nine days in prison despite the fact that the maximum term of incarceration he is authorized to face as a non-ACCA offender is ten years' imprisonment and three years' supervised release [*Id.* at 2 (citing 18 U.S.C. § 924(a)(2) and 18 U.S.C. § 3583(b)(2))]. After review, the Court agrees.

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). Because Petitioner is only days away from exceeding the maximum term of incarceration authorized by Congress, this Court finds that correction of sentence—not scheduling a resentencing hearing—is the most appropriate form of relief. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the

sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

For the reasons discussed, the joint motion [Doc. 34] is **GRANTED** and Petitioner's term of imprisonment is **CORRECTED** to a "time served" sentence followed by three years' supervised release. This Order shall take effect ten days from its entry so as to give the Bureau of Prisons time to process release. The Clerk is **DIRECTED** to prepare an amended judgment.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE